UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES BRADY, as Chairman and                    Civil No. 05-0305 (PAM/RLE)
WILLIAM GRIMM, as Secretary of
the Minnesota Laborers Health and
Welfare Fund and Minnesota Laborers
Pension Fund; JAMES BRADY, as
Chairman and KEITH KRAMER, as
Secretary of the Minnesota Laborers
Vacation Fund; FRED CHASE, as
Chairman and JEFF SEIPEL, as Secretary
of the Construction Laborers' Education,
Training, and Apprenticeship Fund of
Minnesota and North Dakota; and
SCOTT WEICHT, as Chairman and
JAMES HEGGE, as Secretary of the
Minnesota Laborers Employers Cooperation
and Education Trust; and each of
their successors,

                         Plaintiffs,

v.                                              **MEMORANDUM AND ORDER**

SCOTT HIPP, d/b/a SPRINGFIELD LANDSCAPE,

                         Defendant.

_____

        This matter is before the Court on Plaintiffs' Motion for Default Judgment.   For the

reasons that follow the Motion is granted.

**FINDINGS OF FACT**

1.      Plaintiffs filed a Summons and Complaint in this matter on February 10, 2005.

        Defendant was served with the Summons and Complaint in this matter on February 10,

        2005.

2.     Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

3.     Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439-3060, as the administrative agent designated by the Trustees.

4.     Defendant was bound by a certain Collective Bargaining Agreement between the Landscape Contractors and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated Local Unions.

5.     The Collective Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6.     The Collective Bargaining Agreement further obligates Defendant to make available their employment and payroll records for examination and audit by the Trustees of the Plaintiffs or their authorized agents whenever such examination is deemed, by the

Trustees, to be necessary to the proper administration of the Plaintiffs and to ascertain whether the employer has properly complied with its contribution obligations.

7.  Defendant produced records for review and audit for the period of May 2003 through September 2004.  The Funds' auditor reviewed the records and prepared an invoice identifying hours worked by Defendant's employees, for which contributions were not submitted.  The Funds auditor determined that a number of hours had not been reported to the Funds

8.  When calculating the amounts due, the applicable Collective Bargaining Agreement rates were used.

9.  The auditor determined that the total amount due for fringe benefit contributions for the audit period of May 2003 through September 2004 is $13,116.30.

10. The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages. The amount due for liquidated damages is $1,311.63.

11. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.  The attorney fees and costs reasonably incurred by the Plaintiffs in the prosecution of their claims total $1,322.53.

**CONCLUSIONS OF LAW**

1.  Defendant is in default, and Plaintiffs are entitled to Default Money Judgment.

3

2.      Defendant owes the Funds $13,116.30 for fringe benefit contributions and $1,311.63 for liquidated damages for the audit period of May, 2003 through September, 2004.

3.      Defendants owe $1,322.53 for attorney fees and costs.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Plaintiffs' Motion for Default Money Judgment (Clerk Doc. No. 3) is **GRANTED**;

2.      Judgment in the amount of $15,750.46 shall be entered against Defendant Scott Hipp, d/b/a Springfield Landscape in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 7, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge